UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA BOWMAN,

    Petitioner,

v.

                                     Case No. 1:21-cv-249

SHANE JACKSON,                           HON. JANE M. BECKERING

    Respondent.
_____/

## OPINION AND ORDER

Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, presenting six claims for relief. The matter was referred to the Magistrate Judge, who issued a 49-page Report and Recommendation (R&R), thoroughly considering the trial court record and ultimately recommending that this Court deny the petition because Petitioner raises no issue upon which habeas relief may be granted. The matter is presently before the Court on Petitioner's two objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

First, Petitioner argues that the Magistrate Judge erred in concluding that he is not entitled to habeas relief on his ineffective-assistance-of-counsel claim (Pet'r Obj., ECF No. 20 at PageID.2411). Specifically, Petitioner challenges the Magistrate Judge's analysis of his claim that

his trial counsel was ineffective in "conceding, in closing argument, an element of the felony-murder charge." *See* R&R, ECF No. 15 at PageID.2379, 2387–2390. Petitioner was charged with first-degree felony murder and second-degree home invasion, as well as two firearms-related charges, as a result of events that occurred on or about June 15, 2016 (*id.* at PageID.2348). Petitioner's trial attorney indicated in his closing argument that Petitioner did not commit a home invasion because he and Antonio Stevenson had had permission to enter the decedent's residence (*id.* at PageID.2388). Petitioner argued that his attorney rendered deficient performance by indicating in his closing argument that Petitioner and Stevenson entered the decedent's residence to look for drugs without *also* noting that "he and Stevenson . . . were going to leave money for them" (*id.* at PageID.2387). The Michigan Court of Appeals rejected Petitioner's argument, deciding that counsel's strategy with respect to this particular argument was "sound" (*id.* at PageID.2390).

In rejecting Petitioner's claim for habeas relief, the Magistrate Judge explained that "counsel's alleged failure lacks the significance Petitioner asserts [because] while arguing that Petitioner intended to 'leave money' for the drugs he was looking for may have negated a charge of larceny, it hardly negates the possibility that Petitioner was committing a felony" (*id.* at PageID.2389). Additionally, the Magistrate Judge pointed out that where Petitioner himself admitted to a friend that he was in the decedent's residence and that he entered the residence to look for drugs, "it hardly seems deficient for counsel to have acknowledged such" (*id.*). The Magistrate Judge ultimately concluded that the Michigan Court of Appeals' decision was "not based on an unreasonable determination of the facts in light of the evidence presented" and was "neither contrary to, nor involves an unreasonable application of, clearly established federal law" (*id.* at PageID.2390).

In his objection, Petitioner merely reiterates his position that his trial attorney's failure to inform the jury of this additional fact was not sound trial strategy, and Petitioner opines that the omission was highly prejudicial to him as "such presentation would have more than likely resulted in an acquittal" (Pet'r Obj., ECF No. 20 at PageID.2412–2414). Petitioner's mere disagreement fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Petitioner's first objection is therefore properly denied.

Second, Petitioner makes a cursory "general objection" to the Magistrate Judge's conclusions on "all other claims" that Petitioner raised (Pet'r Obj., ECF No. 20 at PageID.2414). An objection to a magistrate judge's report and recommendation must "specifically identify the portions of the proposed findings, recommendations, or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) ("[T]he district court need not provide de novo review where the objections are '[f]rivolous, conclusive or general.'") (citation omitted). Petitioner's general objection does not provide any substantive basis for this Court's review. Therefore, the second objection is also denied.

Having determined that Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466–67 (6th Cir. 2001). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong." *Slack,* 529 U.S. at 484.  Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong.  A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 20) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 15) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated:  March 25, 2024                                          /s/ Jane M. Beckering
                                                                              JANE M. BECKERING
                                                                              United States District Judge